# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3589

_____

United States of America,       *
                                          *

            Appellee,       *

                                          *       Appeal from the United States

      v.                    *       District Court for the

                                          *       Eastern District of Missouri.

Daniel Raymond Koehler,     *

                                          *           [PUBLISHED]

            Appellant.     *

_____

Submitted: September 12, 2001
Filed: September 28, 2001

_____

Before HANSEN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Daniel Raymond Koehler was convicted of manufacturing in excess of 100 grams of methamphetamine, 21 U.S.C. § 841(a)(1), and of conspiring to manufacture and distribute over 100 grams of methamphetamine, 21 U.S.C. § 846. Koehler argues on direct appeal that he is entitled to a new trial because the prosecution's use of allegedly false testimony violated his constitutional right to due process.

Koehler and his codefendant, Matthew Hine, were arrested following the raid of a trailer previously owned by Koehler. Drug Enforcement Agency (DEA) officials

organized the raid based on information received from Duane O'Shia, a confidential informant who had worked with DEA officials on other cases. Although O'Shia had previously been involved in manufacturing methamphetamine with Koehler, O'Shia was never charged with any drug-related offenses.

The government's evidence at trial against Koehler consisted largely of O'Shia's testimony and the testimony of Koehler's codefendant Hine, who pleaded guilty and agreed to testify against Koehler in exchange for the government's recommendation for a downward departure at his own sentencing. On the morning of the first day of trial, the prosecutor informed Koehler's attorney that the government had paid O'Shia $2,000 to relocate himself and his family because O'Shia had been threatened. The district court[1] ruled that evidence of the threat and the $2,000 payment were inadmissable by the government unless Koehler opened the door, and that Koehler had ample time to investigate the $2,000 payment as O'Shia was not scheduled to testify until the next day.

On cross-examination, Koehler's attorney questioned O'Shia about the $2,000 payment. O'Shia testified that he received it in exchange for information he had supplied in relation to the raid. On redirect examination, O'Shia testified that he received the payment after the raid, that he had not discussed any payment prior to providing the information that led to the raid, and that he had not asked for nor expected the payment at the time he supplied the information. The prosecution then questioned the DEA agent to whom O'Shia provided the information, who testified that he had used O'Shia as a confidential informant in other cases and that, although informants were sometimes paid for supplying information, he did not pay O'Shia for his information. Koehler did not question the DEA agent on cross-examination about the $2,000 payment. The jurors were instructed that there was evidence that O'Shia

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

was a paid informant and that whether his information or testimony may have been influenced by such payments was for them to determine.

Koehler argues that the prosecution elicited false testimony from the DEA agent when the agent testified that O'Shia was not paid for the information that he had supplied and that the government has since admitted that the $2,000 was in fact paid to O'Shia for information rather than for relocation expenses. Koehler argues that use of the DEA agent's testimony violated his constitutional right to due process under Brady v. Maryland, 373 U.S. 83, 86-87 (1963), which holds that the prosecutor's suppression of material evidence favorable to the defendant or its use of known perjured testimony violates the defendant's right to due process. We hold that there has been no Brady violation in this case. First, Koehler has not established that the government used false testimony. The government has not conceded in its filings with this court, as suggested by Koehler, that the $2,000 was paid for information rather than for relocation. Second, O'Shia himself testified that he was a paid informant, and the jury was so instructed. "'Where the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during the trial, Brady is not violated.'" United States v. Einfeldt, 138 F.3d 373, 377 (8th Cir.) (quoting United States v. Gonzales, 90 F.3d 1363, 368 (8th Cir. 1996)), cert. denied, 525 U.S. 851 (1998).

Because further discussion would serve no precedential value, we affirm Koehler's conviction without further opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3