**UNITED STATES of America,**
**Plaintiff,**

v.

**Gabriel D. MEDICINE EAGLE,**
**Jr., Defendant.**

**No. CR 02–30122.**

United States District Court,
D. South Dakota,
Central Division.

May 21, 2003.

Jeffrey C. Clapper, Assistant United States Attorney, Pierre, SD, for Plaintiff.

Edward G. Albright, Assistant Federal Public Defender, Pierre, SD, for Defendant.

## ORDER

KORNMANN, District Judge.

The defendant filed a motion (Doc. 23) to dismiss the indictment. The plaintiff filed a written response. U.S. Magistrate Judge Moreno conducted a hearing on April 23, 2003, at which hearing the parties submitted supplemental legal memorandums. The magistrate filed and served a report and recommendation (Doc. 39). Defendant has filed objections (Doc. 40).

The court has now conducted a *de novo* review of all the files and records herein, including those documents contained within Document 38. The report and recommendation should be adopted. The efforts of the defendant to frustrate the court in trying to determine the truth of the matter should be rejected. The question before the court is largely a legal matter and this court agrees with the legal conclusions set forth in the report and recommendation. The motion to dismiss should be denied and the objections should be overruled. Now, therefore,

IT IS ORDERED, as follows:

1) The motion to dismiss (Doc. 23) is denied.

2) The report and recommendation (Doc. 39) is adopted.

3) The objections (Doc. 40) of the defendant are overruled.

## REPORT AND RECOMMENDATION FOR DISPOSITION OF DEFENDANT'S MOTION TO DISMISS INDICTMENT

MORENO, United States Magistrate Judge.

[¶ 1]   On April 8, 2003, Defendant, Gabriel D. Medicine Eagle, Jr. (Defendant), moved to dismiss the Indictment.   Six days later, Plaintiff, United States of America (Government) filed a written response to Defendant's Motion to Dismiss. A hearing was subsequently held on April 23, 2003, at which the parties were allowed to submit supplemental memoranda.

[¶ 2]   Because Defendant's Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis.   Pursuant to 28 U.S.C. § 636(b)(1), the Court does now make and propose the following Report and Recommendation for disposition of the Motion.

### I.

[¶ 3]   Defendant is charged by Indictment with four firearm offenses in violation of 18 U.S.C. §§ 922(g)(8), 922(g)(9) and 924(a)(2).   The Indictment alleges that between January 1, 2001 and January 22, 2001, in Tripp County, South Dakota, Defendant knowingly possessed firearms, which had been shipped and transported in interstate commerce, while being subject to a valid court ordered restraining order (Counts I and III) and after being convicted of a misdemeanor crime of violence (Counts II and IV).   The restraining order referred to in Counts I and III of the Indictment is a domestic protection order that was issued by a state court in South Dakota on April 10, 2000.   The misde-

meanor domestic violence offense mentioned in Counts II and IV of the Indictment is a disorderly conduct conviction that occurred on March 31, 2000 in South Dakota state court.

[¶ 4]   In his Motion to Dismiss, Defendant claims that the state protection order does not satisfy the requirements of § 922(g)(8) and that his disorderly conduct conviction is not a "misdemeanor crime of domestic violence" and therefore cannot serve as a predicate offense for the two § 922(g)(9) charges.   As is discussed in more detail below, Defendant's claims are without merit and as such, his Motion should be denied in all respects.

### II.

[¶ 5]   Section 922(g)(8) prohibits a person subject to a domestic violence restraining order from possessing firearms.   The statute reads, in pertinent part, as follows:

It shall be unlawful for any person—

\*     \*     \*     \*     \*     \*

(8) Who is subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or

child that would reasonably be expected to cause bodily injury. . . .

[¶ 6] Defendant contends that the April 10, 2000 protection order does not satisfy the requirements of § 922(g)(8) because the state court did not make the necessary findings and conclusions that he and the petitioner in that case, Mondae L. Medicine Eagle, were "family or household members", that domestic abuse had occurred and that he had actual notice of the hearing and an opportunity to participate. A close examination of the protection order, however, shows that the order complies with § 922(g)(8) and in particular, subparts (A), (B) and (C)(ii) thereof.

[¶ 7] At the outset, the order of protection was entered against Defendant thereby making him "subject to a court order." In addition, the protection order plainly states that Defendant was personally present at the hearing, that he waived further hearing and that he stipulated to the entry of the order and to its terms and conditions. Subpart (A), therefore, was adhered to because Defendant had notice of the hearing and actually appeared at and participated in the same. Subparts (B) and (C)(ii) were likewise satisfied by the state court's directives in the order that:

> The Respondent [Defendant] shall be restrained from committing any acts resulting in physical harm, bodily injury, or attempting to cause physical harm or bodily injury, or from inflicting fear of imminent physical harm of bodily injury against family or household members, SDCL 25–10–1.

[¶ 8] The Court finds and concludes that the protection order falls within the prohibitions of § 922(g)(8) and that Defendant's contentions to the contrary must fail.

### III.

[¶ 9] Section 922(g)(9) makes it unlawful for any person ". . . who has been convicted in any court of a misdemeanor crime of violence to . . . possess in or affecting commerce, any firearm. . . ." As relevant here, "misdemeanor crime of domestic violence" is defined as a misdemeanor under state law that:

> Has, as an element, the use or attempted use of physical force . . . committed by a current or former spouse . . . of the victim by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse . . ., or by a person similarly situated to a spouse . . . of the victim.

18 U.S.C. § 921(a)(33)(A)(ii).

[¶ 10] Defendant was convicted in state court of the misdemeanor offense of disorderly conduct in violation of SDCL 22–13–1(1) [1] on March 31, 2000. Defendant argues that his disorderly conduct conviction is not a "misdemeanor crime of domestic violence" because it does not include, as an element, "the use or attempted use of physical force." He points out that under South Dakota law, the disorderly conduct offense he was convicted of can be committed in ways that do not involve the use of physical force. He maintains that this ambiguity is fatal and requires dismissal of Counts II and IV of the Indictment. Defendant's argument turns in large part on whether it is permissible to look beyond the predicate offense to the underlying acts in order to determine whether the element of physical force is present within the meaning of § 921(a)(33)(A)(ii).

[¶ 11] The Court agrees with Defendant that § 22–13–1(1) is broad enough to be violated without "the use or attempted use of physical force." *See State v. Rocky*

---

1. Under South Dakota law, this offense is a Class 2 misdemeanor which carries a maximum penalty of 30 days imprisonment in a county jail, a $200 fine or both the imprisonment and the fine. *See* SDCL 22–13–1; 22–6–2(2).

*Mountain,* 449 N.W.2d 257, 259 (S.D.1989) (spitting and calling a female technician "filthy names" is sufficient to find a person guilty of § 22–13–1(1)). Nevertheless, the Court is satisfied that Defendant was convicted of a "misdemeanor crime of domestic violence" for purposes of § 922(g)(9).

[¶ 12] In the context of the enhanced sentencing provisions of the Armed Career Criminals Amendment Act of 1986, codified at 18 U.S.C. § 924(e), the United States Supreme Court held that, in determining whether a prior offense is a felony for enhancement purposes, the sentencing court should ordinarily limit itself to the fact of conviction and the statutory definition of the prior offense. *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Recognizing, however, that some statutes contain a single section covering multiple crimes, some of which are "violent" and some of which are not, the Supreme Court allowed the sentencing court to look to the indictment or information and jury instructions to ascertain whether the defendant was convicted of a "violent" felony or some other type of offense. *Id.; see also United States v. Spell,* 44 F.3d 936, 939–40 (11th Cir.1995) (if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself, a court may inquire into the conduct surrounding the defendant's conviction); *United States v. Winter,* 22 F.3d 15, 18 (1st Cir.1994) ("if the statutory description ... blankets both violent and non-violent crimes, a court may peek beneath the coverlet"); *United States v. Smith,* 10 F.3d 724, 733–34 (10th Cir.1993) (a court may

look beyond the statutory count of conviction to resolve potential ambiguity caused by a broad state statute). Courts have also looked at charging papers, judgments of conviction, plea agreements, statements by the defendant for the record, pre-sentence reports adopted by the court, findings by the court and other court documents. *See United States v. Shepard,* 231 F.3d 56, 65–70 & n. 10 (1st Cir.2000), *cert. denied,* 534 U.S. 829, 122 S.Ct. 72, 151 L.Ed.2d 37 (2001); *United States v. Kirksey,* 138 F.3d 120, 125–26 (4th Cir.), *cert. denied,* 525 U.S. 849, 119 S.Ct. 122, 142 L.Ed.2d 98 (1998); *United States v. Bonat,* 106 F.3d 1472, 1476–77 & nn. 4–6 (9th Cir.), *cert. denied,* 522 U.S. 874, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997); *United States v. Demint,* 74 F.3d 876, 877 (8th Cir.) (per curiam), *cert. denied,* 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 254 (1996); *United States v. Palmer,* 68 F.3d 52, 55–59 (2d Cir.1995); *United States v. Hill,* 53 F.3d 1151, 1154 (10th Cir.) (*en banc*), *cert. denied,* 516 U.S. 900, 116 S.Ct. 258, 133 L.Ed.2d 182 (1995); *United States v. Gallman,* 907 F.2d 639, 645, n. 7 (7th Cir.1990), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991); *see also Ward v. Tomsick,* 30 P.3d 824, 826–27 (Colo.App. 2001). Moreover, courts have used this same approach to inquire about convictions under § 921(a)(33). *See United States v. Smith,* 171 F.3d 617, 620–21 (8th Cir.1999).

[¶ 13] Defendant was originally charged with simple assault, in violation of SDCL 22–18–1(5).[2] The affidavit of probable cause executed by the arresting officer alleges that Defendant struck Medicine Eagle in the mouth with his fist.[3] Defen-

---

2. This statute prohibits any person from intentionally causing bodily injury to another which does not result in serious bodily injury. A violation of the statute is a Class 1 misdemeanor which carries a maximum penalty of one year imprisonment in a county jail, a $1,000 fine or both. SDCL 22–18–1; 22–6–2(1).

3. In his affidavit, the officer stated that Medicine Eagle "had a fat lip and also a hole in her bottom lip where her tooth had went through when she was struck by her husband [,] Gabriel." The officer also noted that "Gabriel had a cut on his right middle knuckle."

dant acknowledged that he "hit her" in both his handwritten narrative and in the factual basis statement he gave to the state court following his guilty plea. On this record, there can be no question that Defendant's disorderly conduct conviction qualifies as a "misdemeanor crime of domestic violence" as defined in § 921(a)(33)(A).[4]

[¶ 14] Defendant though asserts that the Eighth Circuit's decision in *Smith* prohibits a court from looking beyond the charging papers and jury instructions to determine whether the predicate offense alleged in the indictment is a "misdemeanor crime of domestic violence." He contends that if a defendant pleads guilty to a crime that may or may not involve the element of physical force, the court may review the charging papers and jury instructions, but may not expand its inquiry any further—even in those narrow range of cases where a definitive judgment still cannot be made as to whether the element has been met.

■ [¶ 15] *Smith's* focus on the *Taylor* categorical approach and review of charging papers and jury instructions, if necessary, is dispositive with respect to a prior conviction that results from a *jury trial*.[5]

But where, as here, the earlier conviction results from a *guilty plea and the charging document sheds no light whatsoever on whether the defendant committed a crime that had an element of physical force to it,* courts may and should delve further and consider court records in its review process.[6] *Shepard,* 231 F.3d at 67–70 & n. 10; *Kirksey,* 138 F.3d at 125–26; *Bonat,* 106 F.3d at 1476–77; *Palmer,* 68 F.3d at 58–59; *United States v. Barney,* 955 F.2d 635, 639–40 (10th Cir.1992). In *Smith,* the Court was able to determine from the state statute and criminal complaint that the defendant "was charged, and pleaded guilty to, an offense with an element of physical force." 171 F.3d at 621.

[¶ 16] By contrast, in the present case, neither the state statute nor the amended complaint Defendant pled guilty to provide any guidance to help discern whether he used or attempted to use physical force against Medicine Eagle when he committed the disorderly conduct offense. In the relatively few number of cases like this one, where the Court cannot tell, from the statute and charging document whether the predicate conviction had, as an element, the requisite physical force, the

---

**4.** Defendant's blow to Medicine Eagle's mouth easily fell within the meaning of "physical force" contemplated by Congress in § 921(a)(33)(A)(ii). *Smith,* 171 F.3d at 621, n. 2; *see also United States v. Nason,* 269 F.3d 10, 16–21 (1st Cir.2001).

**5.** The Supreme Court's pronouncements in *Taylor* make this clear:

> This categorized approach, however, may permit the sentencing court to go beyond the mere fact of conviction *in a narrow range of cases where a jury was actually required to find all the elements of generic burglary.* For example, in a state whose burglary statutes include entry of an automobile as well as a building, if the *indictment or information and jury instructions* show that the defendant was charged only

with a burglary of a building, and that *the jury* necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the *charging paper and jury instructions* actually required *the jury* to find all the elements of generic burglary in order to convict the defendant.

495 U.S. at 602, 110 S.Ct. 2143 (emphasis added).

**6.** Because Defendant pled guilty to the disorderly conduct offense, there are no jury instructions to provide interpretative assistance to the Court on the physical force issue.

Court may resort to other easily produced and evaluated court documents that clearly establish the conduct of which defendant was convicted. Other courts have done this, *see United States v. Smith*, 56 M.J. 711, 714–15 (A.F.Ct.Crim.App.2001); *Ward*, 30 P.3d at 826–27; *see also United States v. Pfeifer*, 206 F.Supp.2d 1002, 1006–07 & nn. 1–2 (D.S.D.2002) (where the court reviewed the state court record to determine whether the "physical force" and "waiver" provisions of § 921(a)(33)(A)(ii) and (B)(i) had been met) and the Court believes that doing so is warranted in this case as well.

[¶ 17] In deciding this issue, the Court is mindful of the evil *Taylor* sought to prevent—inquiries into the underlying facts that would enmesh courts in an "archeological dig" and create potential "mini trials" with respect to a defendant's prior conviction(s). Nevertheless, to adopt Defendant's argument and limit review solely to the statute, charging document and judgment would frustrate Congress' intent in enacting § 922(g)(9) and unduly constrict the meaning of *Taylor*.[7]

[¶ 18] Accordingly, Defendant's objection to the Court considering the state court file to determine whether or not his misdemeanor conviction involved the "use

or attempted use of physical force" is overruled. The Court finds and concludes that it is appropriate here to review the file so that it can make an unequivocal adjudication as to whether Defendant's disorderly conduct offense is a "misdemeanor crime of domestic violence" under §§ 921(a)(33)(A) and 922(g)(9).[8]

[¶ 19] In any event, even assuming, *arguendo*, that the Court's scope of review is as confined as Defendant says it is, nonetheless, he still cannot prevail on his Motion. Defendant was initially charged by complaint with having committed:

> [T]he public offense of Simple Assault (SDCL 22–18–1(5)) in that he did intentionally cause bodily injury to another, to wit: Mondae L. Medicine Eagle, which did not result in serious bodily injury . . . .

This charge eliminated any possible ambiguity as to § 921(a)(33)(A)(ii)'s physical force element. Just as the Eighth Circuit did five years ago, the Court rejects Defendant's contention that the original complaint may not be considered because it was subsequently amended (and as such superseded and/or dismissed) as part of his plea bargain. *See United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir.), *cert. denied*, 525 U.S. 851, 119 S.Ct. 126, 142 L.Ed.2d 102 (1998).[9] Here, the charging

---

7. The Court does not believe that *Taylor* was intended to bar courts from looking beyond the charging papers and judgment, in guilty pleas cases like this one, and reviewing available court records to put to rest any lingering ambiguities as to the fact and legal effect (if any) of the defendant's prior conviction.

8. It is ironic indeed that Defendant objects to the Court limiting its review to the middle shelf of items in his state court bookcase (containing the statute, amended complaint and judgment of conviction), knowing full well that standing upright in the upper and lower shelves of the bookcase are his own admissions which, if revealed, would plainly show that what he did to Medicine Eagle on February 25, 2000 involved the use of physical force to perpetuate a crime of domestic

violence. The Court refuses to ignore or turn a blind eye to Defendant's actions and conduct and dismiss the § 922(g)(9) charges against him based on superficial ambiguities that can easily be rectified through a cursory review of state court records.

9. It should be noted that in *Einfeldt*, the Court directed that when an ambiguity exists under *Taylor*, the reviewing court may "look to the charging document *or* the text of [the defendant's] guilty plea" to determine if the prior offense was a "violent felony" under § 924(e)(2)(B)(ii). 138 F.3d at 378 (emphasis added). *Einfeldt*, like *Demint*, therefore provides authority for the Court to review the transcript of Defendant's state court guilty plea in an effort to ascertain whether his plea was to a crime of domestic violence. *See*

documents "as a whole" show that Defendant was accused of and pled guilty to an offense that involved an element of physical force. *Smith,* 171 F.3d at 621; *Einfeldt,* 138 F.3d at 378.

## IV.

[¶ 20] Based on the foregoing and in accordance with § 636(b)(1) of Title 28, it is hereby

[¶ 21] RECOMMENDED that Defendant's Motion to Dismiss, Docket No. 23 be denied in its entirety and with prejudice.

[¶ 22] Dated this 9th day of May, 2003, at Pierre, South Dakota.

## NOTICE

**Failure to file written objections to the within and foregoing Report and Recommendation for disposition within 10 days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge.** *See* **28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72.**

*also, United States v. Taylor,* 932 F.2d 703, 706–07, 709 (8th Cir.) (proper to use transcript of state court guilty plea proceedings to determine whether the defendant should receive a sentencing enhancement under § 924(e)(1)), *cert. denied,* 502 U.S. 882, 112 S.Ct. 232, 116 L.Ed.2d 188 (1991); *Bonat,* 106 F.3d at 1476 (district court properly relied on plea transcript to determine whether the defendant pled guilty to a generic burglary); *United States v. Hill,* 53 F.3d 1151, 1154 (10th Cir.)(*en banc*)(district court may consider transcript of guilty plea and/or other documents that, coupled with the charging instrument, enable the court to determine that the defendant's prior conviction was a generic burglary), *cert. denied,* 516 U.S. 900, 116 S.Ct. 258, 133 L.Ed.2d 182 (1995).