[Cite as *Wysocki v. Oberlin Police Dept.*, 2014-Ohio-2869.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| JOSEPH WYSOCKI | | C.A. No.    13CA010437 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| OBERLIN POLICE DEPARTMENT, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No.    12CV178703 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Judge.

{¶1} Appellant, Joseph Wysocki, appeals from the judgment of the Lorain County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2} In 2010, Mr. Wysocki was charged with one count of domestic violence. The Oberlin Municipal Court issued a temporary protection order, which prohibited Mr. Wysocki from possessing any deadly weapons. The Oberlin Police Department seized two firearms pursuant to the order. The temporary protection order was terminated after he pleaded no contest to a reduced charge of criminal mischief.

{¶3} After termination of the case and the temporary protection order, Mr. Wysocki moved the court for release of the firearms. The court found that, because the prosecution had not sought either a criminal or civil forfeiture of the firearms, it did not have authority to release the weapons to him unless he filed a replevin action.

{¶4} In 2012, Mr. Wysocki sued the Oberlin Police Department and chief of police, Thomas A. Miller, ("Appellees") for replevin and conversion. The court scheduled a replevin hearing after Mr. Wysocki filed a motion for possession of the firearms pursuant to Revised Code Section 2737.03. Instead of taking testimony and evidence at the replevin hearing, the court set a briefing schedule and the parties filed cross-motions for summary judgment. The court granted the Appellees' motion, denied Mr. Wysocki's motion as moot, and denied his motion for possession. Mr. Wysocki filed a timely appeal and sets forth one assignment of error for this Court's review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING A CIVIL RULE 56 MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES, WHICH SHOULD ONLY BE GRANTED AS A MATTER OF LAW IF THE PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGATORIES, WRITTEN ADMISSIONS, AFFIDAVITS, TRANSCRIPTS OF EVIDENCE IN THE PENDING CASE, AND WRITTEN STIPULATIONS OF FACT, IF ANY, WHEN CONSTRUED MOST STRONGLY IN FAVOR OF THE NON-MOVING PARTY, SHOW ONE PARTY IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW, IN REGARD TO APPELLANT'S REPLEVIN ACTION INVOLVING FIREARMS SEIZED AS PART OF A DOMESTIC VIOLENCE CRIMINAL TEMPORARY PROTECTION ORDER.

{¶5} Mr. Wysocki argues that the trial court erred in its interpretation of the applicable case law and statutes when it granted summary judgment to the Appellees. Specifically, he maintains that he is not prohibited from owning or possessing firearms and is entitled to return of his property. This Court agrees.

{¶6} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving

any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. Summit No. 26266, 2012–Ohio–4695, ¶ 10. The parties agree that there are no genuine issues of material fact that remain and that this case concerns whether the Appellees were entitled to judgment as a matter of law.

{¶7} Mr. Wysocki sued the Appellees for replevin and conversion of the firearms. "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [his] possession under a claim inconsistent with [his] rights." *Kostyo v. Kaminski*, 9th Dist. Lorain No. 12CA010266, 2013-Ohio-3188, ¶ 12, quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001). "The three basic elements of conversion are: '(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.'" *Id.*, quoting *Scott Charles Laundromat, Inc. v. Akron*, 9th Summit Dist. No. 26125, 2012-Ohio-2886, ¶ 9. "A replevin suit simply seeks to recover goods from one

who wrongfully retains them at the time the suit is filed. Replevin does not even require an 'unlawful taking.' The plaintiff in replevin need only prove that he is entitled to certain property and that the property is in the defendant's possession." (Citations omitted.) *Wilson v. Jo-Ann Stores, Inc.*, 9th Dist. Summit No. 26154, 2012-Ohio-2748, ¶ 11.

{¶8} The Appellees argued in their motion for summary judgment that Mr. Wysocki is not entitled to either replevin or conversion as they cannot return the weapons to him as he is precluded from possessing them under 18 U.S.C. 922(g)(9). This statute provides that it is unlawful for any person

> who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g)(9).

{¶9} The parties disagree on whether Mr. Wysocki's previous conviction for criminal mischief qualifies as a "misdemeanor crime of domestic violence" under 18 U.S.C. 922(g)(9). A "misdemeanor crime of domestic violence" is defined as an offense that

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. 921(a)(33)(A)(ii).

{¶10} Although he was originally charged with domestic violence, Mr. Wysocki pleaded no contest to and was convicted of the reduced charge of criminal mischief under Revised Code Section 2909.07. That statute provides that no person shall:

(1) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another;

(2) With purpose to interfere with the use or enjoyment of property of another, employ a tear gas device, stink bomb, smoke generator, or other device releasing a substance that is harmful or offensive to persons exposed or that tends to cause public alarm;

(3) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with a bench mark, triangulation station, boundary marker, or other survey station, monument, or marker;

(4) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with any safety device, the property of another, or the property of the offender when required or placed for the safety of others, so as to destroy or diminish its effectiveness or availability for its intended purpose;

(5) With purpose to interfere with the use or enjoyment of the property of another, set a fire on the land of another or place personal property that has been set on fire on the land of another, which fire or personal property is outside and apart from any building, other structure, or personal property that is on that land[.]

R.C. 2909.07(A)(1)-(5). In this case, Mr. Wysocki's conviction was a third-degree misdemeanor. If his offense had created a risk of physical harm to any person, his conviction would have been classified as a first-degree misdemeanor. *See* R.C. 2909.07(C)(2).

{¶11} This Court is not persuaded that Mr. Wysocki's conviction for criminal mischief constitutes a "misdemeanor crime of domestic violence." The activity that constitutes criminal mischief under Revised Code Section 2909.07(A) involves a crime against property rather than a person. It is not unless there is a risk of physical harm to a person that criminal mischief becomes a first-degree misdemeanor. R.C. 2909.07(C)(2). Mr. Wysocki was not, however, convicted of a first-degree misdemeanor, but rather a third-degree misdemeanor. This Court concludes that, given the fact that he was convicted of a third-degree misdemeanor, his conviction did not involve the risk of physical harm to his victim. This Court further notes that criminal mischief is not listed as an "[o]ffense of violence" as defined by Revised Code

2901.01(A)(9)(a). *See City of Cleveland Hts. v. Fanara*, 8th Dist. Cuyahoga No. 37743, 1978 WL 218186, *2 (Dec. 7, 1978). *See also United States v. Al-Rekabi*, 454 F.3d 1113, 1127 (10th Cir.2006) (holding that trial court did not err in excluding impeachment evidence that witness was convicted of criminal mischief under state statute as it was not a misdemeanor crime of violence under 18 U.S.C. 922(g)(9) since elements of physical force or use of a deadly weapon were not an element of the offense.)

{¶12} In its motion for summary judgment, the Appellees relied in part on this Court's prior decision in *State v. Majka*, 9th Dist. Summit No. 20587, 2002 WL 462858 (Mar. 27, 2002). The defendant in *Majka* was originally charged with domestic violence but pleaded no contest to an amended charge of disorderly conduct. The court denied his motion for the return of his firearms and ammunition, which were seized by law enforcement as part of the investigation. This court affirmed the trial court's decision and concluded that the seized items were contraband under Revised Code Section 2933.42 and 2901.01(A)(13), which he could not lawfully possess under Section 2933.42. *Majka* at *1-2. We further noted that the defendant was precluded from possessing either firearms or ammunition by operation of 18 U.S.C. 922(g)(9) as his disorderly conduct conviction constituted a "misdemeanor crime of domestic violence" as defined by 18 U.S.C. 921(a)(33)(A)(ii). *Id.* at *2.

{¶13} This case is, however, distinguishable from *Majka*, which involved a disorderly conduct conviction under Hudson Codified Ordinance 648.04. That ordinance provided that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another, by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" *Id.* The elements of the offense in *Majka* satisfy "the use or attempted use of physical force" required by 18 U.S.C. 921(a)(33)(A)(ii) in order to be considered a crime of

domestic violence. The use or attempted use of physical force is not, however, an element of Mr. Wysocki's criminal mischief conviction, which does not proscribe any force component.

{¶14} In the recent case of *United States v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405 (2014), the United States Supreme Court clarified the meaning of the phrase "the use * * * of physical force" found in 18 U.S.C. 921(a)(33)(A)(ii). *Id*. at 1413. It held that "the requirement of 'physical force' is satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction." *Id*. The court further held that "Congress incorporated the common-law meaning of 'force'—namely, offensive touching—in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence.'" *Id*. at 1410. Applying the court's holding in *Castleman* to the present case, the elements of Mr. Wysocki's conviction do not imply any kind of "offensive touching" so as to fall under the ambit of 18 U.S.C. 921(a)(33)(A)(ii).

{¶15} The Appellees also argued in their motion for summary judgment that the court should review the documents contained in the municipal court record to determine whether Mr. Wysocki's conviction was a crime of domestic violence in accordance with the federal district court's holding in *United States v. Medicine Eagle*, 266 F.Supp.2d 1039 (D.S.D.2003). The defendant in *Medicine Eagle* argued that his prior state conviction for disorderly conduct was not a 18 U.S.C. 921(a)(33)(A) "misdemeanor crime of violence" as it did not include the requisite element of the "use or attempted use of physical force." *Id*. at 1042. The court held that, because it could not discern from either the statute governing his conviction or the charging document whether his conviction had the required physical force element, it could review "other easily produced and evaluated court documents that clearly establish the conduct of which defendant was convicted." *Id.* at 1045. The court reviewed several documents in coming to the conclusion that the defendant's disorderly conduct conviction satisfied the "crime of violence"

definition in 18 U.S.C. 921(a)(33)(A), including: (1) an affidavit from the arresting officer who averred that the defendant struck the victim in the mouth with his fist; (2) the defendant's handwritten narrative wherein he admitted to hitting the victim; (3) the defendant's statement that he made to the court following his guilty plea wherein he also acknowledged hitting the victim; and (4) the original criminal complaint that charged him with "[s]imple [a]ssault" for "intentionally caus[ing] bodily injury to another * * *." *Id*. at 1043-1045.

{¶16} In the *Castleman* case, decided after *Medicine Eagle*, the United States Supreme Court employed the "modified categorical approach" to determine the issue of whether the defendant's state court conviction qualified as a "misdemeanor crime of domestic violence." *Castleman* at 1414. This approach entailed "consulting the indictment to which Castleman pleaded guilty in order to determine whether his conviction did entail the elements necessary to constitute the generic federal offense." *Id*. Because Castleman pleaded guilty to having "intentionally or knowingly cause[d] bodily injury" to his victim, the court found that his conviction included the element of physical force necessary to qualify as a "misdemeanor crime of domestic violence." *Id*. at 1415.

{¶17} In employing the same approach as the *Castleman* court, we look to the elements of the crime to which Mr. Wysocki pleaded and conclude that it does not contain the requisite element of physical force necessary for his conviction to be considered a "misdemeanor crime of domestic violence" under 18 U.S.C. 921(a)(33)(A)(ii). Accordingly, the trial court erred in granting summary judgment in favor of the Appellees and finding that Mr. Wysocki's motion for summary judgment was moot.

{¶18} Mr. Wysocki further urges this Court to conclude that the trial court should have granted summary judgment in his favor. For us to do so, however, we would need to review his

motion for summary judgment in the first instance as the court did not review it on its merits but rather determined that it was moot. Mr. Wysocki's motion for summary judgment not only argued for the return of his firearms, but also for monetary damages and attorney's fees for the Appellee's "bad faith" in failing to return his property. Because the trial court did not consider his argument in the first instance, we decline to do so now. *Honabarger v. Wayne Sav. Community Bank*, 9th Dist. Wayne No. 12CA0058, 2013-Ohio-2793, ¶ 26. Based upon the foregoing, this Court sustains Mr. Wysocki's assignment of error.

III.

**{¶19}** Mr. Wysocki's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

10

Costs taxed to Appellees.

 

 

                                          _____

                                          JENNIFER HENSAL
                                          FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOHN M. PRUSAK and MATTHEW BOBROWSKI, Attorneys at Law, for Appellant.

ABRAHAM CANTOR, Attorney at Law, for Appellee.