[Cite as *Kostyo v. Kaminski*, 2013-Ohio-3188.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

WILLIAM KOSTYO, admin.

    Appellee

    v.

FLORENCE KAMINSKI

    Appellant

C.A. No.     12CA010266

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV173793

DECISION AND JOURNAL ENTRY

Dated: July 22, 2013

---

HENSAL, Judge.

{¶1} William Kostyo, executor of the estate of Hattie Kostyo, appeals a judgment of the Lorain County Common Pleas Court that denied his motion for summary judgment and granted summary judgment to Florence Kaminski. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} For many years, Ms. Kostyo maintained a savings account at Northern Savings and Loan, which later became First Place Bank. Her sister, Ms. Kaminski, was also on the account, but never deposited any money into it. According to Ms. Kostyo, after her husband died, Ms. Kaminski helped her with her banking and finances.

{¶3} In May 2009, Ms. Kostyo closed the savings account and transferred the balance to a different account at First Place Bank. The new account was owned by Ms. Kaminski and the brother of the two women, Robert Kaminski. Ms. Kostyo testified that, at the time of the

transfer, she thought that she was also a holder of the account. She testified that she transferred the money to the other account for "safekeeping" and because it offered a better interest rate. Mr. Kaminski died a month later, leaving Ms. Kaminski as the sole account holder of the second account.

{¶4} According to Mr. Kostyo, in 2011 his mother asked Ms. Kaminski to return the money she had transferred to the second account, but Ms. Kaminski refused. Ms. Kostyo subsequently sued her for breach of contract, unjust enrichment, conversion, and fraud. In February 2012, Ms. Kostyo passed away and her son, who is executor of her estate, was substituted as a party. Before her death, the parties took Ms. Kostyo's deposition in order "to perpetuate [her] testimony * * * for purposes of * * * [t]rial."

{¶5} Following discovery, the parties filed cross-motions for summary judgment. Mr. Kostyo argued that there is no dispute that all of the money that his mother transferred to Ms. Kaminski's account belonged to his mother and should be returned. Ms. Kaminski, on the other hand, argued that, because the transfer was between family members, there is a presumption that the funds were intended as gift. The trial court granted summary judgment to Ms. Kaminski, concluding that "the deposition testimony of the now deceased Hattie Kostyo was insufficient to establish a prima facie case for any of the alleged theories of liability." Mr. Kostyo has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY
GRANTING SUMMARY JUDGMENT TO APPELLEE.

**{¶6}** Mr. Kostyo argues that the trial court incorrectly granted summary judgment to

Ms. Kaminski on each of his claims. He also argues that the court should have entered judgment

for him instead. Pursuant to Civil Rule 56(C), summary judgment is appropriate if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving
> party is entitled to judgment as a matter of law; and (3) it appears from the evidence
> that reasonable minds can come to but one conclusion, and viewing such evidence
> most strongly in favor of the party against whom the motion for summary judgment is
> made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for

summary judgment, the movant bears the initial burden of demonstrating that there are no

genuine issues of material fact concerning an essential element of the opponent's case. *Dresher*

*v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party

"must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting

Civ.R. 56(E).

**{¶7}** Mr. Kostyo's first claim was for breach of contract. In his amended complaint,

Mr. Kostyo alleged that his mother and aunt had an oral agreement under which Ms. Kostyo

deposited the money that she had in her savings account into Ms. Kaminski's bank account for

safe keeping. He argues that Ms. Kaminski failed to uphold her end of the bargain and,

therefore, is liable for breach of contract.

> A contract is generally defined as a promise, or a set of promises, actionable upon
> breach. Essential elements of a contract include an offer, acceptance, contractual
> capacity, consideration (the bargained for legal benefit and/or detriment), a
> manifestation of mutual assent and legality of object and of consideration.

*Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F. Supp. 409, 414 (N.D.Ohio 1976).

{¶8}　The trial court correctly determined that Ms. Kaminski was entitled to summary judgment on Mr. Kostyo's breach of contract claim because there is no evidence in the record that Ms. Kaminski received any consideration under the alleged agreement. According to the Supreme Court of Ohio, "[c]onsideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." (citation omitted.) *Lake Land Emp. Group of Akron, LLC v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, ¶ 16. Mr. Kostyo has failed to point to any benefit Ms. Kaminski received from allowing Ms. Kostyo to place her funds in her and Mr. Kaminski's account. There is no evidence that Ms. Kaminski or Mr. Kaminski were paid anything for the convenience of the use of their account or that they were entitled to a share of the additional interest that Ms. Kostyo earned from placing her money there. In the absence of any evidence of consideration, a claim for breach of contract fails. For the same reason, the trial court correctly denied Mr. Kostyo's motion for summary judgment as to his breach of contract claim.

{¶9}　Mr. Kostyo's second claim was for unjust enrichment. He argues that the trial court incorrectly granted summary judgment for Ms. Kaminski and incorrectly denied his motion for summary judgment. "[U]njust enrichment of a person occurs when [s]he has and retains money or benefits which in justice and equity belong to another." *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938). To recover for unjust enrichment, a plaintiff must demonstrate: (1) that it conferred a benefit upon the defendant; (2) that the defendant knew of the benefit; and (3) that,

under the circumstances, it would be unjust to allow the defendant to retain the benefit without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984), citing *Hummel*, 133 Ohio St. at 525. "[T]he purpose of such claims 'is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant.'" *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 21, quoting *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954).

{¶10} There is evidence in the record that, even though Ms. Kostyo and Ms. Kaminski shared a savings account at First Place Bank, all of the money that was in the account belonged to Ms. Kostyo. Ms. Kaminski testified at her deposition that, although she may have been named on the account she "didn't deposit any funds into [it]." When asked if all of the money that was in the account "would have been Hattie's money; is that right?" Ms. Kaminski answered: "It would have been, right[.]" There is also evidence in the record that, when Ms. Kostyo closed the account that she and Ms. Kaminski shared, all of the funds were transferred into an account shared by Ms. Kaminski and her brother. Despite being confronted with the fact that Ms. Kostyo had transferred her money into the sibling account, Ms. Kaminski testified that she would not return any of it, opining that it would not be "proper."

{¶11} Viewing the evidence in a light most favorable to Mr. Kostyo, we conclude that there is a genuine issue of material fact regarding whether Ms. Kaminski, by keeping the money that Ms. Kostyo placed in her account, retained a benefit that Ms. Kostyo conferred on her. There is also a genuine issue of material fact regarding whether Ms. Kaminski had knowledge of the transfer and whether it would be unjust for Ms. Kaminski to retain Ms. Kostyo's money. The trial court, therefore, incorrectly granted Ms. Kaminski summary judgment on Mr. Kostyo's unjust enrichment claim because he could not establish a prima facie case. Regarding Mr.

Kostyo's motion for summary judgment, however, we conclude that the court correctly denied the motion as to his unjust enrichment claim.

{¶12} Mr. Kostyo next argues that the trial court erred with respect to his conversion claim. "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [her] possession under a claim inconsistent with [her] rights." *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "The three basic elements of conversion are: '(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.'" *Scott Charles Laundromat, Inc. v. Akron*, 9th Dist. Summit No. 26125, 2012-Ohio-2886, ¶ 9, quoting *Keybank Nat'l Assoc. v. Guarnieri & Secrest, P.L.L.*, 7th Dist. Columbiana No. 07CO46, 2008-Ohio-6362, ¶ 15. "It is not necessary that the property be wrongfully obtained." *McCartney v. Universal Elec. Power Corp.*, 9th Dist. No. 21643, 2004-Ohio-959, ¶ 14. When property is otherwise lawfully held, "[a] demand and refusal * * * are usually required to prove the conversion * * *." *Ferreri v. Goodyear Local No. 2 United Rubber, Cork, Linoleum & Plastic Workers of Am. Home Ass'n*, 9th Dist. Summit No. 16311, 1994 WL 45740, *2 (Feb. 9, 1994), quoting *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 24 Ohio App.3d 91, 94 (10th Dist.1985).

{¶13} According to Ms. Kostyo, she transferred money to her sibling's account for safekeeping and to take advantage of its higher interest rate. When she requested the money back, however, Ms. Kaminski, who was, by then, the only holder of the account, refused to return it. Viewing this evidence in a light most favorable to Mr. Kostyo, a trier of fact could find that Ms. Kaminski wrongfully refused to return money that rightfully belonged to Ms. Kostyo.

The trial court, therefore, should not have granted summary judgment to Ms. Kaminski on Mr. Kostyo's conversion claim on the basis that she could not establish a prima facie case. On the other hand, Ms. Kostyo gave inconsistent answers during her deposition on basic questions such as whether she had ever been married and whether her husband, who died more than 20 years ago, was still alive. Because a trier of fact could determine that Ms. Kostyo's testimony was not credible, the trial court correctly denied Mr. Kostyo's motion for summary judgment on the conversion claim.

{¶14} Mr. Kostyo next argues that the trial court incorrectly ruled on the cross-motions for summary judgment with respect to his fraud claim.

> The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. of Commrs*, 23 Ohio St.3d 69 (1986), paragraph two of the syllabus.

{¶15} According to Ms. Kostyo, at the time that she transferred her money to her siblings' account, she thought that she was also a holder of that account. She did not testify that anyone misled her about the nature of the siblings' account, however, or that her siblings induced her to transfer her funds. Rather, Ms. Kostyo testified that it had been her idea to transfer her money because it would earn more interest and be "the safest thing to do."

{¶16} Upon review of the record, we conclude that, viewing the evidence in a light most favorable to Mr. Kostyo, he cannot establish a prima facie case of fraud. There is no evidence that Ms. Kostyo's siblings induced her to transfer her money out of her account or that they misled her about the ownership of the account. The trial court correctly granted summary

judgment to Ms. Kaminski on Mr. Kostyo's fraud claim. For similar reasons, it correctly denied summary judgment to Mr. Kostyo on his fraud claim.

{¶17} Mr. Kostyo also argues that the trial court incorrectly granted summary judgment to Ms. Kaminski on his constructive trust claim. Generally speaking, however, there is no such thing as a cause of action for constructive trust. A constructive trust is merely "an equitable remedy that protects against unjust enrichment and is usually invoked when property has been obtained by fraud." *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 19. *But see* Restatement of the Law, Trusts, Section 44 (1935) ("Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if (a) the transfer was procured by fraud, duress, undue influence or mistake, or (b) the transferee at the time of the transfer was in a confidential relation to the transferor * * *."). "A constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud." *Estate of Cowling* at ¶ 19, quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 226 (1984).

{¶18} Mr. Kostyo did not allege that his mother's transfer of assets to her brother's and sister's account created a fiduciary relationship between Ms. Kostyo and her sister that Ms. Kaminski breached. Instead, he merely asked the court, because of "equity and good conscience" to "impose a constructive trust over" the transferred assets. Accordingly, we conclude that, although a constructive trust might be an appropriate remedy if Mr. Kostyo prevails on his conversion or unjust enrichment claims, the trial court correctly rejected his separate "constructive trust" claim.

{¶19} Ms. Kaminski argues that the trial court correctly granted her motion for summary judgment because the transfer of funds was actually a gift that Ms. Kostyo bestowed on her. She notes that the Supreme Court of Ohio has long held that, if a "conveyance is made by a [woman] to a member of [her] own family," there is a "presumption * * * [that] the property is * * * a gift or advancement." *Creed v. President, etc., of Lancaster Bank*, 1 Ohio St. 1, 10 (1852).

{¶20} Although Ms. Kaminski is correct that there is often a presumption that the transfer of assets between family members was a gift, it depends on the circumstances of each case. *Id.* In *Creed*, the Supreme Court explained that the gift presumption "may be rebutted by circumstances or evidence going to show a different intention, and each case has to be determined by the reasonable presumptions arising from all the acts and circumstances connected with it[.]" *Id.* "Lapse of time, connected with continued acts of recognition of the right of the donee, are always potent, and frequently controlling circumstances in determining a question of intention in a case of this kind." *Id.*

{¶21} While Ms. Kaminski argued in her motion for summary judgment that she was entitled to judgment because the transfer was a gift, the trial court granted her motion for summary judgment because "[t]he deposition testimony of the now deceased Hattie Kostyo was insufficient to establish a prima facie case for any of the alleged theories of liability." The court did not determine whether, under the facts of this case, there is a presumption that Ms. Kostyo's transfer of funds to her siblings' account was a gift. This Court has held those determinations "should be made in the first instance by the [trial] court." *Wertz ex rel. Estate of Jurkoshek v. Tomasik*, 9th Dist. No. 20209, 2001 WL 111594, *2 (Feb. 7, 2001).

{¶22} Upon review of the record, we conclude that the trial court correctly determined that Mr. Kostyo was not entitled to judgment on his claims as a matter of law. Accordingly, his

first assignment of error is overruled. The court, however, incorrectly determined that the evidence Mr. Kostyo presented, viewed in a light most favorable to him, did not establish a prima facie case of conversion and unjust enrichment claims. His second assignment of error is sustained. Because the trial court has not yet considered whether the presumption of a gift applies, on remand, the trial court is directed to consider that issue in the first instance.

### III.

**{¶23}** The trial court correctly denied Mr. Kostyo's motion for summary judgment, but gave an improper reason for granting part of Ms. Kaminski's motion. The judgment of the Lorain County common pleas court is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JAMES A. DEERY and DANIEL J. GIBBONS, Attorneys at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.