[Cite as *Martin v. Steiner*, 2018-Ohio-3928.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| WILLIAM F. MARTIN | | C.A. No. 17AP0021 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SANDRA A. STEINER, et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellees | | CASE No. 2016 CVC-H 000452 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2018

TEODOSIO, Presiding Judge.

{¶1} William F. Martin appeals the judgment of the Wayne County Court of Common Pleas that dismissed his complaint with prejudice. We affirm in part, and reverse and remand in part.

I.

{¶2} In essence, this case involves a dispute between siblings as to the disposition of the family farm after the death of their father. In 1998, Chester W. Martin, the father of William F. Martin and Sandra A. Steiner, signed a power of attorney document appointing Sandra as his attorney-in-fact. In December 2003, Chester signed a survivorship deed conveying real property ("the farm") to himself and Sandra for their joint lives, with the remainder to the survivor of them. The deed was recorded in January 2004. Chester passed away on July 28, 2013, at the age of 95, and Sandra was named the fiduciary of the estate. In 2014, Sandra executed a survivorship deed conveying the farm to herself and her husband, Linden W. Steiner.

{¶3} In September 2016, William filed a complaint for declaratory judgment, intentional interference with the expectancy of inheritance, and punitive damages against Sandra and Linden. William sought to have the 2004 deed, and consequently the 2014 deed, declared void or invalid based upon lack of consideration, undue influence, the violation of fiduciary duty, and because the 2004 deed was not prepared by the grantor.

{¶4} A trial was conducted on January 9, 2017, and at the conclusion of the presentation of his case-in-chief, William dismissed his cause of action for intentional interference of an expectancy of inheritance, thereby leaving only the declaratory judgment action. Sandra subsequently motioned the trial court to dismiss the jury and try the case as a bench trial on the grounds that the surviving cause of action for declaratory judgment would properly be heard by the court. Sandra also motioned the court for a directed verdict. William responded by requesting that the trial court give the case to the jury, stating that he believed it was within the discretion of the trial court whether to submit the remaining declaratory judgment action to the jury and that it was "purely up to the court." He did not argue that it would be an error of law for the trial court to consider the matter as a bench trial. The trial court viewed William's request as a motion for an advisory jury and declined to give the case to the jury, instead considering it as a trial to the bench.

{¶5} After determining the matter would not be considered by the jury, the trial court went on to consider the motion for a directed verdict, and acknowledged that the standard on a motion for dismissal at the end of a plaintiff's case in a bench trial was provided under Civ.R. 41(B)(2). The trial court then granted the motion and dismissed the remaining cause of action pursuant to Civ.R. 41(B)(2), and subsequently reduced its determination to writing by way of a judgment entry filed on January 10, 2017. William filed an appeal to this Court, which we

dismissed for lack of jurisdiction because the trial court's entry had not properly resolved the claim for declaratory judgment. William then motioned the trial court to vacate the January 10, 2017, judgment entry, arguing that the declaratory judgment action should have been submitted to the jury. The trial court denied the motion to vacate and subsequently entered its final judgment on May 18, 2017. William now appeals, raising eight assignments of error, which have been reordered for the purposes of our review.

## II.

### ASSSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW BY TAKING DISPUTED QUESTIONS OF FACT FROM THE JURY AND ENTERING JUDGMENT AT THE CONCLUSION OF PLAINTIFF MARTIN'S CASE.

{¶6} In his first assignment of error, William argues the trial court erred by declining to give the case to the jury. We disagree.

{¶7} As we have noted, at the conclusion of the presentation of William's case-in-chief, Sandra motioned the trial court to dismiss the jury and try the case as a bench trial on the grounds that the surviving cause of action for declaratory judgment would properly be heard by the court. William requested that the case be given to the jury, stating that he believed it was within the discretion of the trial court whether to submit the remaining declaratory judgment action to the jury and that it was "purely up to the court." He did not argue that it would be an error of law for the trial court to consider the matter as a bench trial. We therefore conclude that William forfeited the argument that it was an error of law for the trial court to decline to give the case to the jury.

{¶8} William F. Martin's first assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO HOLD STEINER HAD A FIDUCIARY RELATIONSHIP WITH HER FATHER, CHESTER, WHEN SHE PREPARED THE 2003 DEED.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO HOLD STEINER HAD THE BURDEN OF PROOF TO OVERCOME THE PRESUMPTION THE 2003 DEED WAS INVALID.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING "THERE IS A PRESUMPTION THAT A TRANSFER OF ASSETS TO A FAMILY MEMBER IS INTENDED AS A GIFT, AND PLAINTIFF FAILED TO OVERCOME SAID PRESUMPTION."

ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING MARTIN HAD NOT PROVED THE ELEMENTS OF UNDUE INFLUENCE, WITHOUT FIRST HOLDING STEINER HAD TO OVERCOME, BY CLEAR AND CONVINCING EVIDENCE, THE PRESUMPTION OF UNDUE INFLUENCE.

{¶9} We consider these assignments of error collectively because of the overlapping issues raised as to a fiduciary relationship, undue influence, and the burden of proof. In his third assignment of error, William argues the trial court erred as a matter of law by failing to find that Sandra had a fiduciary relationship to Chester Martin. William contends that by virtue of the power of attorney given to her by Chester Martin, a fiduciary relationship was created. In his fourth assignment of error, William argues the trial court erred in not holding that Sandra, as a fiduciary, had the first burden of proof to overcome the presumption that the 2003 deed was invalid. In his sixth assignment of error, William argues the trial court erred in applying the family gift presumption where there was a fiduciary relationship between Chester Martin and Sandra. In his eighth assignment of error, William argues the trial court erred in concluding

there was no undue influence without requiring Sandra to first overcome a presumption of undue influence by clear and convincing evidence.

{¶10} When reviewing a trial court's determination regarding legal issues relevant to the entry of declaratory judgment, this Court applies a de novo standard of review. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1.

{¶11} Generally there is a presumption that the transfer of assets between family members was a gift. *Kostyo v. Kaminski*, 9th Dist. Lorain No. 12CA010266, 2013-Ohio-3188, ¶ 20. The gift presumption may be rebutted by circumstances or evidence going to show a different intention, and each case has to be determined by the reasonable presumptions arising from all the facts and circumstances connected with it. *Id.* However, "where the family members are also in a fiduciary relationship, the family gift presumption yields to the more specific presumption of undue influence that arises in fiduciary relationships." *Bacon v. Donnet*, 9th Dist. Summit No. 21201, 2003-Ohio-1301, ¶ 52.

{¶12} "A power of attorney is a written instrument authorizing an agent, known as an 'attorney[-]in[-]fact,' to perform specific acts on the principal's behalf." *Lance v. Boldman*, 9th Dist. Wayne No. 16AP0032, 2018-Ohio-44, ¶ 35, quoting *Rasnick v. Lenos*, 12th Dist. Butler No. CA2004-02-033, 2005-Ohio-2916, ¶ 20. "The power of attorney creates a fiduciary relationship between the attorney-in-fact and the principal." *Id.* "A 'fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Stone v. Davis*, 66 Ohio St.2d 74, 78 (1981), quoting *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 115 (1974). A fiduciary owes the utmost loyalty and honesty to the principal, and the law is zealous in guarding against the abuse of such a relationship. *Lemar v. Ickes*, 9th Dist.

Wayne No. 08CA0036, 2009-Ohio-3650, ¶ 7. As a consequence, any transfer of property from a principal to his attorney-in-fact is viewed with some suspicion. *Id*. *See also* Restatement of Law 2d, Agency, Section 13, Comment a (1958) (stating that an agent's fiduciary duty to the principal includes the duty to deal fairly with the principal in all transactions between them).

**{¶13}** "Where a fiduciary or confidential relationship exists between the donor and the donee, the transfer is regarded with suspicion that the donee may have brought undue influence to bear upon the donor." *Modie v. Andrews*, 9th Dist. Summit No. 19543, 2000 Ohio App. LEXIS 3333, *11 (July 26, 2000). "In such a case, a presumption of undue influence arises, and the donee bears the burden going forward and showing, by a preponderance of the evidence, that the gift was free from undue influence." *Id*. "Once the donee makes such a showing, the burden of ultimately demonstrating undue influence, by clear and convincing evidence, must be met by the party challenging the gift." *Id*.

**{¶14}** The trial court found: "No evidence was presented by plaintiff that Steiner signed the deed *** in her capacity as fiduciary to Chester W. Martin." The trial court also made the following conclusions of law:

1. Plaintiff has not established, by the requisite degree of proof, the elements of undue influence, fraud, or breach of fiduciary duty.

2. As the court stated in a prior entry, it believes that Sandra had influence over Chester, but plaintiff has failed to prove that it was undue. ***

3. Plaintiff has requested that this Court issue a declaratory judgment regarding Count 1 of [the] Complaint pursuant to O.R.C. 2721.01 *et. seq.*

4. It is well[-]settled that the mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient to warrant the rescission of an executed contract, such as a deed. ***

5. Further, there is a presumption that a transfer of assets to a family member is intended as a gift, and plaintiff failed to overcome said presumption. ***

6. Based upon the foregoing findings of fact and conclusions of law, this Court declares that the two deeds at issue \*\*\* are **not** void based upon the failure of Plaintiff to prove his various allegations regarding the alleged voidability of said deeds, that said deeds are valid, and in full effect and this Court so declares the same pursuant to O.R.C. 2721.03.

(Emphasis sic.)

**{¶15}** As we have noted, although there is a general presumption that the transfer of assets between family members is a gift, where the family members are also in a fiduciary relationship, the family gift presumption yields to the more specific presumption of undue influence that arises in fiduciary relationships. *Bacon* at ¶ 52. The power of attorney signed by Chester Martin created a fiduciary relationship between himself, as the principal, and his daughter, Sandra Steiner, as the appointed attorney-in-fact. *See Lance* at ¶ 35. Although the trial court found that Sandra did not sign the deed in her capacity as a fiduciary (i.e., as attorney-in-fact), an underlying fiduciary relationship existed by virtue of the power of attorney. Consequently, a presumption of undue influence arose as a result of the survivorship deed which conveyed the farm to Chester and Sandra for their joint lives. The burden was therefore on Sandra to show, by a preponderance of the evidence (and not by clear and convincing evidence, as argued by William in his eighth assignment of error), that the gift was free from undue influence. *See Modie* at \*11. Upon such a showing, the burden of ultimately demonstrating undue influence, by clear and convincing evidence, must be met by William. *See Id.*

**{¶16}** Upon review of the trial court's conclusions of law, we conclude the trial court erred in applying the family gift presumption rather than a presumption of undue influence, which arose because of the fiduciary relationship that had been created between Chester and Sandra by virtue of the power of attorney. William F. Martin's third, fourth, sixth, and eighth assignments of error are sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THE 2003 DEED VALID BASED ON GIFT BECAUSE THE DEED WAS A DEED OF PURCHASE.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED BY HOLDING THE 2003 DEED WAS A GIFT.

ASSIGNMENT OF ERROR SEVEN

THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THE 2003 DEED VALID WHERE THERE WAS A FAILURE OF CONSIDERATION AND EVIDENCE OF FRAUD AND BAD FAITH.

{¶17} We do not reach the merits of assignments of error two, five, and seven because our resolution of assignments of error three, four, six, and eight necessitates further consideration by the trial court. We therefore decline to address assignments of error two, five, and seven. *See* App.R. 12(A)(1)(c).

III.

{¶18} William Martin's first assignment of error is overruled. His third, fourth, sixth, and eighth assignments of error are sustained. We decline to address the second, fifth, and seventh assignments of error. The judgment of the Wayne County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellant.

ROBERT B. PRESTON, III and WHITNEY L. WILLITIS, Attorneys at Law, for Appellees.