[Cite as *Rohrig v. Hahn*, 2016-Ohio-7765.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ALLEN ROHRIG, et al.

    Appellees

    v.

HELEN HAHN, et al.

    Appellant

C.A. No.     27906

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2014-07-3184

DECISION AND JOURNAL ENTRY

Dated: November 16, 2016

MOORE, Judge.

{¶1} Defendant/Counter-Claimant, Helen Hahn, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} Allen and Amelia Rohrig owned a rental property at which Ms. Rohrig's mother, Ms. Hahn, and Ms. Hahn's adult sons, including Daniel R. Davis and Curtis L. Davis, resided. In 2013, the Rohrigs filed a complaint in the Akron Municipal Court for eviction and unpaid rent against Ms. Hahn. The Municipal Court granted a writ of restitution on September 30, 2013. Thereafter, the Rohrigs moved for default judgment against Ms. Hahn on the remaining claim for unpaid rent due to her failure to answer, which the trial court granted.

{¶3}    In 2014, the Rohrigs filed a complaint in a separate case against Daniel and Curtis Davis[1], claiming that the Davises had caused $15,000 in damages to the Rohrigs' rental property. The Davises answered the complaint against them.

{¶4}    Thereafter, Ms. Hahn filed a motion to vacate the judgment against her pursuant to Civ.R. 60(B), and a motion for leave to file an answer and counterclaim in the 2013 case. Ms. Hahn and the Davises filed a motion to consolidate the two Akron Municipal Court cases. The Municipal Court granted Ms. Hahn's Civ.R. 60(B) motion, granted her leave to plead, and consolidated the cases against Ms. Hahn and the Davises. Ms. Hahn filed counterclaims against the Rohrigs alleging conversion, breach of contract, fraudulent misrepresentation, and replevin. These claims were based on allegations that Ms. Hahn and the Rohrigs had entered into an agreement for Ms. Hahn to purchase the rental property, and that Ms. Rohrig had control of, and misused, Ms. Hahn's money. Due to the amount of damages sought in Ms. Hahn's counterclaims, the Municipal Court ordered that the case be transferred to the Summit County Court of Common Pleas.

{¶5}    After the case was transferred to the Court of Common Pleas, it proceeded to a bench trial, during which the trial court granted a motion for a directed verdict in favor of Daniel R. Davis on the Rohrigs' claim against him. The trial court took under advisement a motion for directed verdict made by Mr. Rohrig on Ms. Hahn's counterclaims. In a journal entry dated July 7, 2014, the trial court granted Mr. Rohrig's motion for directed verdict. On the Rohrigs' claims against Ms. Hahn, the trial court determined that the Rohrigs were due $2700 for unpaid rent, but that Ms. Hahn had paid the Rohrigs $2800 for nonexistent debts. Accordingly, it granted Ms.

---

[1] Pursuant to a Notice of Death contained in the record, Curtis Davis passed away on November 26, 2014.

Hahn a $100 judgment against Ms. Rohrig. Aside from the $100 overpayment due to Ms. Hahn, the trial court granted judgment to Ms. Rohrig on Ms. Hahn's counterclaims.

{¶6} Ms. Hahn timely appealed from the July 7, 2015 journal entry, and she now presents two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT MISCONSTRUED THE LAW APPLICABLE TO THE FACTS OF THE CASE WHICH RESULTED IN AN ERRONEOUS JUDGMENT IN FAVOR OF THE [ROHRIGS] ON [MS. HAHN'S] COUNTERCLAIMS.

{¶7} In her first assignment of error, Ms. Hahn argues that the trial court erred by failing to correctly apply the law applicable to her counterclaims. In support of her assigned error, Ms. Hahn appears to argue only that the trial court erred to the extent that it failed to apply fiduciary law to her conversion counterclaim. We will limit our discussion accordingly.

{¶8} "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [her] possession under a claim inconsistent with [her] rights." *Wysocki v. Oberlin Police Dept.*, 9th Dist. Lorain No. 13CA010437, 2014-Ohio-2869, ¶ 7, quoting *Kostyo v. Kaminski*, 9th Dist. Lorain No. 12CA010266, 2013-Ohio-3188, ¶ 12, quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001). "The three basic elements of conversion are: '(1) [counter-claimant's] ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of [counter-claimant's] property rights; and (3) damages.'" *Wysocki* at ¶ 7, quoting *Kostyo* at ¶ 12, quoting *Scott Charles Laundromat, Inc. v. Akron*, 9th Dist. Summit No. 26125, 2012-Ohio-2886, ¶ 9.

{¶9} Here, at the trial, Ms. Rohrig provided testimony as to her financial arrangements with Ms. Hahn as follows. Ms. Rohrig maintained that she had a bank account ("the Rohrig account"), to which she added Ms. Hahn's name in 1989 so that Ms. Rohrig's children would have access to her funds should anything happen to Ms. Rohrig. Ms. Hahn is the primary account holder on another account ("the Hahn account"), to which Ms. Hahn had added Ms. Rohrig's name. Upon agreement of the Rohrigs and Ms. Hahn, the rent for the Rohrigs' property, at the rate of $900 per month, together with an additional $100 per month toward a debt owed by Ms. Hahn for purchases that Ms. Rohrig had made on her behalf at JCPenney, were automatically transferred each month from the Hahn account to the Rohrig account. At Ms. Hahn's request, Ms. Rohrig began handling the Hahns' financial affairs, including paying their monthly bills from the Hahn account. Ms. Rohrig maintained that both she and Ms. Hahn would use the Rohrig account, and they would engage in home shopping together, purchasing items from programming on television channels such as QVC, and they would shop at department stores and at estate sales.

{¶10} Ms. Rohrig maintained that, after Ms. Hahn's husband passed away, Ms. Hahn was entitled to the proceeds from two insurance policies. When "this money had come in," Ms. Hahn instructed Ms. Rohrig to pay off some of Ms. Rohrig's charge cards on which they had made purchases. Ms. Rohrig testified that other withdrawals and transactions were made from the insurance proceeds with Ms. Hahn's authorization and permission, including gifts to Ms. Rohrig and other family members, and she presented bank statements for the accounts as exhibits.

{¶11} In its journal entry, the trial court found:

On [Ms.] Hahn's counterclaims against [the Rohrigs] for conversion and breach of fiduciary duty, the evidence clearly shows that for many years, [Ms.] Rohrig

assisted her mother, [Ms.] Hahn, with her financial dealings. [Ms.] Hahn was very generous and liberal in sharing her finances with multiple family members including [Ms.] Rohrig. The evidence shows that [Ms.] Rohrig's handling of [Ms.] Hahn's financial affairs w[as] done *with the approval and acceptance of [Ms.] Hahn* including the receipt of life insurance proceeds from [Ms.] Hahn's deceased husband and expenditures therefrom.

(Emphasis added.)[2]

{¶12} The court then held that "[Ms.] Hahn has failed to prove by a preponderance of the evidence that [Ms.] Rohrig did anything improper in the handling of her mother's financial dealings." Based upon this holding, Ms. Hahn argues that the trial court failed to find that Ms. Rohrig had a fiduciary relationship with Ms. Hahn. She then argues that the trial court failed to apply fiduciary law to place the burden of proof on Ms. Rohrig to demonstrate that none of the transactions that she conducted as a fiduciary amounted to conversion. She further argues that the court made a finding about the law enforcement investigation into Ms. Rohrig's conduct that is not supported by the evidence that was presented at trial.

{¶13} Here, we first note that Ms. Hahn has specifically limited her assignment of error to a misapplication of the law by the trial court, and we will likewise limit our discussion. *Stewart v. Hickory Hills Apts.*, 9th Dist. Medina No. 14CA0038-M, 2015-Ohio-5046, ¶ 7 ("an appellant's assignment of error provides this Court with a roadmap to guide our review") (Citation omitted.). Next, for purposes of our discussion, we will assume without deciding that there was a fiduciary relationship between Ms. Rohrig and Ms. Hahn. A "fiduciary relationship" is one "in which special confidence and trust is reposed in the integrity and fidelity of another

---

[2] Although the trial court refers to a breach of fiduciary duty counterclaim, Ms. Hahn's counterclaims did not did not include a claim for breach of fiduciary duty, and Ms. Hahn does not allege in her brief that she pled a claim for breach of fiduciary duty or that this Court should consider a breach of fiduciary duty claim.

and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 115 (1974).

{¶14} Ms. Hahn maintains that, where a fiduciary relationship exists between the parties, the burden in a conversion claim shifts to the fiduciary to prove that none of the transactions made by the fiduciary in that capacity amounted to conversion. In support of this proposition, Ms. Hahn cites to several cases where courts have shifted the burden to the fiduciary to prove the fairness of, or rebut a presumption of undue influence with respect to, transactions that benefited the fiduciary. However, the cases cited by Ms. Hahn discuss the presumption with respect to declaring *particular tranfers void*. *See, e.g., Bacon v. Donnet*, 9th Dist. Summit No. 21201, 2003-Ohio-1301, ¶ 16, 19, 21 (plaintiff sought a declaration that a trust created by the fiduciary was void). Ms. Hahn has not developed an argument as to why this burden-shifting or presumption should be applied in the context of a conversion claim so as to presume *conversion* with respect to *all transfers* made by a fiduciary. *See Modie v. Andrews*, 9th Dist. Summit No. 19543, 2000 WL 1026682, *2-3 (July 26, 2000) (appellees alleged that particular transfers, namely: a deed and two gifts to the fiduciary of the funds from a certificate of deposit and a savings account, were invalid based upon undue influence). While we acknowledge that the invalidation of a particular transfer of property could be involved in a conversion claim, Ms. Hahn has cited no cases in which it has been held that the presumption at issue not only shifts the burden of disproving undue influence, or proving fairness, on the fiduciary (so as to demonstrate the validity of the transfer), but also requires the fiduciary to disprove an underlying conversion claim, and to do so with respect to all transfers the fiduciary has made in that capacity. Further, Ms. Hahn has not developed a supported argument as to why the presumption should be

expanded in the manner that she advocates, and we decline to create such an argument on her behalf. *See* App.R. 16(A)(7); App.R. 12(A)(2).

**{¶15}** Moreover, as we noted above, the trial court specifically concluded that Ms. Hahn accepted and approved of the transactions. Accordingly, it appears that the trial court found Ms. Rohrig's testimony credibly established that Ms. Hahn was aware of and authorized the disbursements of her insurance proceeds, a finding which is inconsistent with a conversion claim. *Wysocki*, 2014-Ohio-2869, at ¶ 7 ("Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [her] possession under a claim inconsistent with [her] rights.") (Citations omitted.). Without a challenge to that underlying factual finding, any misstatement of the law by the trial court regarding the law of fiduciaries or its alleged improper finding about the law enforcement investigation into Ms. Rohrig's conduct could only amount to harmless error.

**{¶16}** Accordingly, Ms. Hahn's first assignment of error is overruled on this basis.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED
A DIRECTED VERDICT IN FAVOR OF [MR.] ROHRIG.

**{¶17}** In her second assignment of error, Ms. Hahn argues that the trial court erred in granting a directed verdict in favor of Mr. Rohrig on Ms. Hahn's counterclaims. We disagree.

**{¶18}** At the conclusion of Ms. Hahn's case, Mr. Rohrig moved for a directed verdict in his favor on Ms. Hahn's claims against him.[3] Ms. Hahn's argument as to Mr. Rohrig's liability is

---

[3] Although Mr. Rohrig moved for a directed verdict in the court below, this Court has held that "[a] motion for directed verdict, made at the close of a [counter-claimant's] case in a bench trial, will be deemed to be a motion for involuntary dismissal under Civ.R. 41(B)(2)[.]" *Alh Properties, P.L.L. v. Procare Automotive Serv. Solutions, L.L.C.*, 9th Dist. Summit No. 20991, 2002-Ohio-4246, ¶ 8.

premised entirely on his knowledge of, and benefit from, Ms. Rohrig's purported conversion. Given that we overruled Ms. Hahn's challenge to the trial court's decision denying Ms. Hahn's counterclaims as to Ms. Rohrig, we must likewise overrule this assignment of error.

{¶19} Accordingly, Ms. Hahn's second assignment of error is overruled.

III.

{¶20} Ms. Hahn's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶21} I respectfully dissent. I would reverse and remand to the trial court to apply fiduciary law.

APPEARANCES:

TIMOTHY H. CHAMPION and JUSTINE S. WINGER, Attorneys at Law, for Appellant.

MARK A. SALERNO, Attorney at Law, for Appellees.